IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAMELLA SMITH,                     )
                                   )
              Plaintiff,           )
                                   )
         v.                        )    1:08CV213
                                   )
THE SALVATION ARMY,                )
                                   )
              Defendant.           )

**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

This case comes before the Court on Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) and Defendant's motion to dismiss Plaintiff's seventh claim for relief pursuant to Rule 12(b)(6). For the reasons set out below, the Court recommends that Plaintiff's motion be granted, that this case be remanded to state court, and that Defendant's motion be denied as moot.

Plaintiff originally filed this action in Guilford County Superior Court. Defendant removed it to this Court, citing both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction was premised solely on Plaintiff's seventh claim for relief which contained a due process allegation, and was the only federal claim in the original complaint. Following removal, and prior to serving an answer, Defendant filed its pending motion to dismiss that claim. Soon afterward, however, Plaintiff filed an amended complaint which did not include her previous due process allegation or any other basis for federal

question jurisdiction. In one of Plaintiff briefs filed in support of remand, Plaintiff has assured the Court that she will not pursue such a claim in this action. Additionally, Plaintiff stipulates in her own brief in support of remand (docket no. 14) that her damages amount to far less than the $75,000 amount in controversy required for diversity jurisdiction, even if trebled.

In its response, Defendant accepts both of Plaintiff's stipulations made for purposes of having this Court remand the matter to state court. It admits that, absent any federal claim, there is no longer any basis for federal question jurisdiction under 28 U.S.C. § 1331. Absent there being the minimum amount in controversy, diversity jurisdiction does not exist either. Given this, Defendant also withdraws that basis for jurisdiction and admits that remand is proper. However, Defendant still "requests that the Court dismiss Plaintiff's Seventh Claim for Relief with prejudice before remand so that the claim may not later be revived in the state court proceedings." (Docket No. 16, ¶ 3.) Thus, the remaining question is whether a claim which is no longer part of the pending lawsuit is nonetheless subject to dismissal. This Court finds that it is not.

The Fourth Circuit addressed this issue in <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001), where it set forth that:

> [a]s a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000); see also 6 Charles Alan Wright, Arthur R.

> Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....").

The Young court specifically held that, where, as here, the amended complaint in question omitted the claims subject to a pending motion to dismiss, the amendment served to moot the motion. Id.; see also Baucom v. Cabarrus Eye Ctr., P.A., Case No. 1:06CV00209, 2006 WL 2569079 (Sept. 1, 2006)(same). In any event, Plaintiff and her attorneys have made stipulations in the briefs in order to have the case remanded, and they will surely be bound by them in state court. Accordingly, this Court should deny Defendant's motion to dismiss as being moot.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to remand (docket no. 13) be granted, and that this action be remanded to state court.

**IT IS FURTHER RECOMMENDED** that Defendant's motion to dismiss (docket no. 9) be denied as being moot.

_____
United States Magistrate Judge

October 30, 2008

-3-